# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELSONTE D. JACOBS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-17-1327-D |
| ) | |
| JOE ALLBAUGH, DIRECTOR, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the Court for review of the Report and Recommendation ("Report") [Doc. No. 13] issued July 16, 2018, by United States Magistrate Judge Charles B. Goodwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Goodwin recommends a denial of Mr. Jacobs' Petition for Writ of Habeas Corpus ("Petition") [Doc. No. 1] under 28 U.S.C. § 2254. Petitioner has timely objected to the Report [Doc. No. 16]. The Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner, seeks a writ of habeas corpus with respect to convictions of robbery with a firearm, attempted robbery with a firearm, kidnapping, possession of a firearm after former adjudication as a juvenile, and assault and battery with a dangerous weapon -- all after two previous felony convictions. In his Report, Judge Goodwin conducts a thorough analysis of the issues raised in the Petition and recommends that the Petition be denied. Judge Goodwin concludes that: (1) Petitioner's Fifth Amendment

double jeopardy argument has not been presented to the state's highest court and is therefore unexhausted for federal habeas purposes; (2) the federal double jeopardy argument is barred by anticipatory procedural default; (3) habeas relief is not available on Petitioner's assertion that his convictions violate an Oklahoma statute; (4) Petitioner cannot show that the state court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), or that its decision was based upon an unreasonable determination of facts as to his claim of ineffective assistance of counsel on the basis that his appellate counsel failed to raise certain arguments on direct appeal; and, (5) refusal to conduct a post-conviction hearing is not a basis for federal habeas relief.

Petitioner, through his Counsel, objects to the following findings: (1) his Fifth Amendment double jeopardy claim is unexhausted; (2) that "Petitioner's bare allegations regarding [a victim's] motives do not reasonably demonstrate that any victim's trial identification of Petitioner was based on a pretrial identification by photograph that 'was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification,'" [Doc. No. 16] at 8 (quoting [Doc. No. 13] at 17 (quoting *Simmons v. United States*, 390 U.S. 377, 384, 88 S. Ct. 967, 971, 19 L. Ed. 2d 1247 (1968)); and, (3) his claim of denial of his right to effective cross-examination under *Davis v. Alaska*, 415 U.S. 308 (1974), is unexhausted. [Doc. No. 16] at 2, 6, 9; [Doc. No. 13] at 17, n.4.

In support of his objection to Judge Goodwin's determination as to his Fifth Amendment double jeopardy claim, Petitioner argues, as he did in his Petition, that the claim was fairly before the Oklahoma Court of Criminal Appeals through his claim for violation of Okla. Stat. tit. 21 § 11's "prohibition against multiple punishments for a single

act." [Doc. No. 16] at 2 (quotation source uncited in original). Petitioner attempts to support his argument for exhaustion on the premise that the purpose of Okla. Stat. tit. 21 § 11 is "to protect the Fifth Amendment rights of defendants" and that the language of Okla. Stat. tit. 21 § 11 "is analogous to the double jeopardy clause of the Fifth Amendment." [Doc. No. 16] at 2.

Judge Goodwin thoroughly addressed the distinction between analysis of Okla. Stat. tit. 21 § 11 claims and analysis of Fifth Amendment claims. [Doc. No. 13] at 6; *see also*, *Irwin v. State*, 2018 OK CR 21, ¶ 5, 424 P.3d 675, 676 (noting a distinction between the analysis of a Okla. Stat. tit. 21 § 11 claim and a double jeopardy claim). As Judge Goodwin stated, "mere similarity between Petitioner's prior state-court argument and his current argument is insufficient to establish exhaustion under § 2254(b)(1)." [Doc. No. 13] at 5. The Court concurs with Judge Goodwin's analysis and agrees that Petitioner's Fifth Amendment double jeopardy claim is unexhausted.

Petitioner objects to Judge Goodwin's finding that he failed to demonstrate that the pretrial identification at the center of one of his ineffective assistance of counsel claims was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." [Doc. No. 13] at 17 (quoting *Simmons*, 390 U.S. at 384). However, Petitioner simply quotes Judge Goodwin's finding and asserts that he objects. [Doc. No. 16] at 8. Petitioner provides no argument addressing Judge Goodwin's reasoning. Upon *de novo* review, the Court determines there is nothing to be added to Judge Goodwin's analysis and concurs with his determination as to this issue.

Petitioner's third objection also relates to his claim for denial of the right to effective assistance of counsel based on his appellate counsel's failure to raise the issue of improper pretrial identification. In arguing this claim, Petitioner stated that the trial court denied him his right to effective cross-examination under *Davis v. Alaska*, 415 U.S. 308 (1974). [Doc. No. 1] at 28; [Doc. No. 13] at 17, n.4. In his Report, Judge Goodwin noted that Petitioner failed to raise this issue as a stand-alone claim in the state court, or in his Petition. [Doc. No. 13] at 17, n.4. Judge Goodwin further found that such a claim would be unexhausted for habeas purposes. *Id*. Petitioner objects stating that he did make a stand-alone *Davis* claim in state court and has made such a claim in his Petition. [Doc. No. 16] at 9. Upon review of the record and briefs, the Court agrees with Judge Goodwin. Petitioner's references to denial of effective cross-examination have been made solely in support of his claim for ineffective assistance of counsel related to pre-trial identification.

Having conducted a *de novo* review, the Court adopts the Report and Recommendation in its entirety and overrules all of Petitioner's objections.

**IT IS THEREFORE ORDERED** that Petitioner's objections [Doc. No. 16] are **OVERRULED** and Judge Goodwin's Report [Doc. No. 13] is **ADOPTED** in its entirety. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2244 [Doc. No. 1] is dismissed without prejudice to filing a proper form of action.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 15th day of October 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE